SAMUEL I. KNIGHT & BRO. vs. W. H. OGDEN & BRO.

October Term, 1875.

PARTNERS—RIGHTS WHERE ONE CONTRIBUTES MONEY, THE OTHER SKILL.—Where two persons enter into articles by which they agree to associate themselves "as copartners" in a designated business, one of them to contribute the capital, and the other skill and labor, and the profits to be divided in unequal proportions, a definite salary being guaranteed to the one who contributes his time, labor, and skill, they become partners in the property and business of the firm in the proportion fixed by the articles, and subject to the restoration to the other partner of the capital advanced.

PARTNERSHIP PROPERTY—EXECUTION AGAINST ONE PARTNER.—The interest of the partner who contributes only time, labor, and skill, in the partnership property, may be levied on and sold by execution against him as an individual.

PARTNERSHIP PROPERTY—RIGHTS OF PURCHASER AT EXECUTION SALE.—A purchaser of the interest of one partner in partnership property, at execution sale, becomes a tenant in common of the property so bought, and may come into this court for an adjustment of the partnership business, and the determination of the interest acquired as of the date of the sale.

SAME—QUESTION RESERVED.—The point was reserved, whether, if it should be found that the purchaser had a definite interest, he might not hold the other partner to an accout for the use of his property in the subsequent business.

*McClain & Haley*, for complainants.

*G. P. Thruston*, for defendants.

THE CHANCELLOR :—Complainants are judgment creditors of W. H. Ogden, and caused execution to issue on their judgment, which was, on the 15th of March, 1873, levied " on the entire undivided interest of the defendant William H. Ogden in the partnership effects of the firm known as Ogden Bros., engaged in the business of manufacturing and selling paper bags and burlap sacks, on South Market street, in Nashville." On the 29th of March, 1873, the interest thus levied on was sold, and bought by complainants. On the 20th May, 1873, this bill was filed for a settlement of the partnership business, and the ascertainment of complainants' interest therein as purchasers. The defendant Albert S. Ogden replevied the partnership property, by

giving bond, in a sufficient penalty, to account for William H. Ogden's interest.

The defendants, William H. and Albert S. Ogden, file a joint answer, in which they admit the complainants' judgment, and the levy and sale of William H. Ogden's interest, as charged, and the purchase by complainants. They admit, also, that they were partners in the business, and under written articles, which they append to, and make a part of, their answer. These articles bear date the 29th of September, 1872, and recite the formation of the partnership from that date, for the term of five years, unless sooner dissolved by mutual consent. They provide that Albert S. Ogden agrees to put into the partnership, as its capital stock, $30.000, to be used in the business as may be deemed best for the interest thereof. The articles then recite that "William H. Ogden, not having any cash means, but being a practical printer, his skill and services are contributed in lieu of cash." They then provide thus : "That all profits, gains, or increase that shall or may arise from or by reason of the said business shall be divided between them as follows, to wit : To the said Albert S. Ogden seven-eighths, and to William H. Ogden one-eighth, of the net profits of said business ; but it is further agreed that William H. Ogden's share of the profits shall amount to $2,000 per annum, which sum is hereby guaranteed him, unless there should be unusual and heavy losses, reducing the net profits of the business below $4,000 per annum, in which event his interest in said profits is not to exceed one-third of the whole, as shown by the books at the close of the year's business, or when an inventory and account of the stock is taken." The articles further provide that neither party is to withdraw "from the funds or joint stock" more than $1,800 per annum, in monthly instalments of $150, to be charged on account ; and neither is to take any further sum for his own separate use without the consent of the other in writing, and any such further sum shall draw interest at the rate of 10 per cent. per annum, and shall be payable, together

with the interest, within ten days after notice in writing to that effect given by the other. The other provisions relate to the manner of conducting the business, and the duties of the partners.

These articles, it is clear, make both of the defendants joint partners in the property and business, subject, of course, upon the dissolution of the partnership at any moment to a general partnership account. The original capital was to be furnished by A. S. Ogden, and the capital thus advanced, and remaining in the business, would have to be deducted from the stock and funds on hand, in order to ascertain the net profit for division; W. H. Ogden being entitled to at least $2,000 a year whenever the annual profits rose above $4,000, and when below that amount to one-third of the net profits. The articles expressly recite that "the said parties have agreed, and by these presents do agree, to associate themselves as copartners in the manufacture, buying, and selling paper, cotton, and burlap bags," etc. And, if there had been no such express recital, the agreement would, by the terms and conditions, have made them partners in the property and business. *Ex parte Chuck*, 8 Bing. 471; *Miller* v. *Price*, 20 Wis. 120; *Rowland* v. *Crankshaw*, L. R. 1 Ch. App. 424; *Bucknam* v. *Barnum*, 15 Conn. 68; *Murray* v. *Johnson*, 1 Head, 354.

These authorities concur in holding that, where two persons enter into an agreement by which one is to contribute the capital, and the other his skill and labor, and the profits are to be divided between them in any proportion, they become partners in the property and business certainly as to third persons, and with almost equal certainty *inter sese*, although the articles may further provide that the partner who contributes his time, labor, and skill shall be guaranteed a definite salary. And the partnership can admit of no doubt, where the agreement expressly recites that they "agree to associate themselves as copartners" in the business. The cases of *Rowland* v. *Crankshaw* and *Buckman* v. *Barnum* are directly in point, and the former holds, also,

explicitly, that the partners become joint owners of the goods and effects bought with the capital contributed by only one of the partners. I am not aware of any law to the contrary.

The reason is obvious. The profits, beyond what each partner is permitted to draw out, must be invested in the ever-changing stock, and in these profits, by the very terms of the agreement, each partner acquires an interest. The entire stock is partnership property, liable, as such, to partnership creditors, and, upon dissolution, is to be divided between the partners in the proportion agreed upon, after deducting the capital brought into the business in the first instance by the partner who agreed to contribute the capital.

The defendants, in their answer, and William H. Ogden, in his deposition, say that his interest is determined by the articles of partnership. When they add that William H. Ogden had no interest in the stock, it is obvious that they are stating, not a fact, but an inference of their own, which they suppose is justified by a proper construction of the articles of partnership. In this they are clearly mistaken. The legal construction of the articles of partnership makes him a partner in the property as well as the profits, with as full power to dispose of that property as his copartner. It is true his interest in the business, when it comes to be wound up, is only one-eighth of the surplus after restoring to his copartner the capital advanced. On the other hand, for some mysterious reason by no means satisfactorily explained—in fact, not explained at all—he is to receive a larger share of the profits, unless they exceed $16,000 a year, than his brother, who, according to the articles, contributes all the original capital, and an equal share of labor and time.

The defendants were partners under these articles on the 15th of March, 1873, when the interest of William H. Ogden was levied upon, and the complainants, by their subsequent purchase under the levy, became clothed with

this interest as of that date. *Parker* v. *Swan*, 1 Humph,. 80. They took the place of the judgment debtor, and became, with the other partner, tenants in common of the property so bought. Their interest could only be determined by an adjustment of the partnership accounts, and for this purpose they were entitled to come into this court. by bill. *Haskins* v. *Everett*, 4 Sneed, 531; *Phillips* v. *Cooke*, 24 Wend. 389; *Frazer* v. *Kershaw*, 2 Kay & J. 501;. *Shavers* v. *White*, 6 Mumf. 113; *Wiles* v. *Maddox*, 26. Mo. 77.

The complainants may, therefore, take a decree for an account of the partnership business on the 15th of March,. 1873, to ascertain the exact situation thereof on that day,. and accounts between each of the partners and the firm as. of the same date. If either partner had, up to that date,. withdrawn more than $150 a month, he will be charged, under the articles, with the excess, and interest thereon at. the rate of 10 per cent. per annum from the time withdrawn to the said 15th of March, 1873, such indebtedness. to be included in the stock on hand. In the individual. account of William H. Ogden with the firm, if the profits. fall short of the proportion of $16,000 per annum up to. that date, he will be allowed at the rate of $2,000 a year;. and if the profits exceed that rate, one-eighth thereof. The. evidence does not show what capital was actually contributed by A. S. Ogden, nor whether William H. Ogden may not have contributed to the capital. The reference will include an enquiry upon both these points. And, in view of. the very singular provisions of the articles of partnership, the question as to whether the articles were adhered to or departed from in this regard will be reserved until the coming in of the report. The question of costs will also. be reserved. The complainants may, also, if they see proper,. reserve the point whether, if it shall turn out that they have an interest in the business, they may not hold A. S. Ogden to account for profits made by the use of their property and means in the subsequent business.